UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DEBRA MCHONE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 18-206-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Debra McHone ("the Claimant" or "McHone")) and Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"). [Record Nos. 11 and 13] McHone contends that the administrative law judge ("ALJ") assigned to her case erred in denying her application for Supplemental Security Income ("SSI") and widows' benefits because some of her ailments were not categorized as "severe." [Record No. 11, 1-2] McHone further argues that the ALJ did not properly weigh the medical evidence. *Id*. at 1. She requests that the Court enter an award of benefits or, alternatively, remand the matter for a new administrative hearing. *Id*. at 12. The Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. [Record No. 13]

For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by McHone.

- 1 -

# I.    PROCEDURAL HISTORY

McHone filed an application for Title XVI SSI and Title II Widow's Insurance Benefits on June 19, 2014.  [Administrative Transcript, "Tr." 901, 907]  She originally claimed a disability onset date of October 31, 2011.  [Tr. 723, 914]  McHone later amended her onset date to June 9, 2014.  [Tr. 12, 726]  The Social Security Administration ("SSA") denied her application initially and upon reconsideration.  [Tr. 828, 851]  McHone then requested a hearing before an ALJ.  [Tr. 858]

ALJ Kendra Kleber issued a written opinion following the administrative hearing, finding that McHone was not disabled.  [Tr. 9-21]  The Appeals Council subsequently denied McHone's request for review.  [Tr. 1-4]  Accordingly, McHone has exhausted her administrative remedies and this matter is ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

# II.    STATEMENT OF FACTS

McHone was 53 years-old at the time of the ALJ's decision.  [Tr. 724]  She last worked in October 2011 as a cashier at a Speedway convenience store.  [Tr. 733]  McHone did not complete high school but later obtained a General Equivalency Diploma.  [Tr. 932]

McHone was diagnosed prior to her alleged onset disability date with several ailments including asthma, fibromyalgia, depression, anxiety, and chronic obstructive pulmonary disease.  [Tr. 1,473]  McHone complained of hip pain both before and after her alleged onset date.  [*See, e.g.*, Tr. 1,472, 1,624, 2,062, 2,190, 2,256.]  She also complained of back and leg pain in 2016.  [Tr. 2,047]  Doctors Michael Yonz and Ryan Cassidy at the University of Kentucky Department of Orthopaedic Surgery diagnosed her with lumbar disc space narrowing and in June of 2016 doctors performed lumbar fusion surgery.  [Tr. 2,047, 2,072-

2,104]  McHone was advised that she should not to lift items weighing more than ten pounds for a period of six weeks following this surgery.  [Tr. 2,096]  McHone told Physician's Assistant Melissa Hubert and Cassidy (UK Healthcare) on June 28, 2016, that she was having left-side low back pain and left buttock pain, but that it was a "nuisance and not truly painful." [Tr. 2,191]  Hubert and Cassidy noted during a follow-up visit on July 18, 2016, that the Claimant's back and leg pain had improved, but that she had developed restless leg syndrome. [Tr. 2,183]

McHone also complained of headaches following the June 2014 alleged onset date. [*See, e.g,* Tr. 2,182, 2,200, 2,248.]  An MRI was performed on November 11, 2014, and the impression showed no new or acute intracranial abnormalities.  [Tr. 1,526]  McHone indicated during an examination on August 22, 2016, that she believed the headaches had worsened since her back surgery due to a lack of sleep.  [Tr. 2,200]

McHone was seen by doctors on November 22, 2016, due to complaints of foot pain, hip pain, shoulder pain, arthritis, migraines, and restless leg syndrome.  [Tr. 2,256]  They assessed foot pain, arthritis, migraines, and restless leg syndrome.  [Tr. 2,267]  Based on the doctors' notes, hip pain was not assessed but a physical exam noted tenderness in the shoulder and no joint swelling.  [Tr. 2,262]  The doctors planned to place her back on naproxen because "her pain was well controlled on this regime."  [Tr. 2,267]  They also provided a podiatry and neurology referral.  [Tr. 2,267]  Further, McHone was counseled regarding a low-fat diet and exercise. [Tr. 2,269]

McHone met with Jennifer Fishkoff, Psy. D., prior to the administrative hearing.  [Tr. 1,612-1,618]  Dr. Fishkoff performed a psychological consultative examination on September 23, 2014, and concluded that McHone suffered from major depressive disorder, pain disorder

secondary to a general medical condition and psychological factors, and r/o PTSD mild. [Tr. 1,617] She also found that McHone presented with "average to low average intellect. Her judgment, insight, reasoning abilities, general knowledge, attention/concentration and recall were within normal limits." [*Id.*] Based on her mental status, McHone's "ability to tolerate frustration, conform to social standards, [and] maintain employment [were] moderately impaired." [*Id.*] Dr. Fishkoff also noted that McHone's "ability to understand, retain, and follow instructions [was] within the normal limits. Her ability to sustain attention to perform simple and repetitive tasks as would be required over an eight-hour workday [was] moderately impaired given her pain and medical problems." [Tr. 1,618] Dr. Fishkoff concluded that McHone "does not appear to be capable of tolerating the stress and pressures associated with day-to-day work activity." [*Id.*]

Bryan Pack, Psy. D., reviewed McHone's medical records in October 2014. [Tr. 755-785] He explained that McHone could "understand, retain, and carry out simple instructions. [She could] consistently and usefully perform routine tasks of a sustained basis, with minimal (normal) supervision, and can cooperate effectively with the public and co-workers in completing simple tasks and transactions. [She] is able to adequately adapt to changes and demands of simple tasks." Dr. Pack noted that McHone was moderately limited in her ability to understand, remember, and carry out detailed instructions and her ability to maintain attention and concentration for extended periods. [Tr. 784] He also determined that the Claimant was moderately limited in her "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods" and in her ability to interact appropriately with the public. [*Id.*] Dr. Pack concluded that beyond these limitations

McHone's "functional restrictions beyond levels assessed above are not considered attributable to [McHone's] mental illness." [Tr. 785]

Jack Reed, M.D., reviewed McHone's medical records in January 2015 and rendered an opinion regarding McHone's physical abilities. [Tr. 792-805] He determined that McHone was not disabled. [Tr. 808] Dr. Reed concluded that McHone could occasionally lift twenty pounds and frequently lift ten pounds, could stand or walk about six hours of an eight-hour work day, and could sit for about six hours of an eight-hour work day. [Tr. 802-803] He also explained that she was limited in her upper extremities to push or pull. [Tr. 803] Reed stated that the Claimant could climb ramps, crouch, and crawl occasionally and could balance, stoop, and kneel frequently. [*Id*.] She could never climb ladders, ropes, scaffolds. [*Id*.]

McHone testified during the hearing that she stopped working due to pain in her back, right leg, left leg, and bursitis. [Tr. 734-735] She indicated that her pain was at seven on a scale of one to ten during the hearing and the only thing she takes for pain is Tylenol. [*Id*.] The ALJ questioned whether McHone's hip pain was a separate severe ailment from her back problem during the hearing. [Tr. 730] Further, McHone contended that she has about two to three migraine headaches a week, and they last about two days. [Tr. 738] She also stated that her migraine headaches stopped for two years following a hysterectomy in 2013. [Tr. 739] McHone feels like she can only comfortably stand for five minutes at a time and she cannot walk a mile at one time. [Tr. 742-743] Following the Claimant's testimony, the vocational expert testified that McHone could return to her past relevant work. [Tr. 745-748]

ALJ Kleber issued a decision on January 13, 2017, concluding that McHone was not disabled. [Tr. 21] After reviewing the record and considering the testimony presented, she determined that McHone had the following severe impairments: obesity, chronic obstructive

pulmonary disease ("COPD"), lumbar degenerative disc disease, fibromyalgia, depression, and anxiety (20 C.F.R. § 404.1520(c) and § 416.920(c)).  [Tr. 15]  However, the ALJ found that McHone did not have an impairment or combination of impairments that met or medically equaled the severity of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  [Tr. 25]

The ALJ explained that McHone had the residual function capacity ("RFC") to perform a "limited range of light work," subject to the following limitations:

> Ms. McHone is able to lift or carry up to 20 pounds occasionally or 10 pounds frequently.  Ms. McHone can stand or walk for up to six hours of an eight-hour workday for 60 minutes at a time.  Ms. McHone can sit up for up to six hours of an eight-hour workday for 60 minutes at a time, at the workstation and without going off-task.  She can occasionally push or pull with either upper extremity. She can perform work that does not require the use of the right lower extremity for foot controls.  Ms. McHone can occasionally climb stairs or ramps, but cannot climb ladders or scaffolds.  Ms. McHone can occasionally crawl or kneel. She can frequently reach forward or overhead with either upper extremity.  The work Ms. McHone can perform does not involve concentrated exposure to extreme cold or extreme heat or humidity, or to fumes, dust, smoke, or environmental pollutants.  The work does not involve commercial driving.

[Tr. 16-17]  The ALJ concluded that McHone can perform her past relevant work as a cashier. [Tr. 19]  Additionally, she determined that there are other jobs existing in the national economy that McHone would be able to perform.  [Tr. 20]  The ALJ held that McHone was not under disability from June 9, 2014 through the date of her decision.  [Tr. 21]

### III.    STANDARD OF REVIEW

A "disability" is defined under the Act as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration."  *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007)(citing 42 U.S.C. § 423(d)(1)(A)).  A claimant's disability determination is made by an

ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

A claimant must first demonstrate that she is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. §§ 416.920(b); 404.1520(b). Second, the claimant must show that she suffers from a severe impairment or a combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if the claimant has a severe impairment but the Commissioner cannot make a determination of the disability based on medical evaluations and current work activity, the Commissioner will review the claimant's RFC and relevant past work to determine whether she can perform her past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If she can, she is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Under the fifth step of the analysis, if the claimant's impairments prevent her from doing past work, the Commissioner will consider her RFC, age, education, and past work experience to determine whether she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). "The Commissioner has the burden of proof only on 'the fifth step, proving that there is work available in the economy that the claimant can perform.'" *White v. Comm'r of*

*Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

The Court's review is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the ALJ employed the proper legal standards in reaching her decision. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is such relevant evidence as reasonable minds might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

## IV.    LEGAL ANALYSIS

### A.  The ALJ Did Not Err By Failing To List Migraines And Hip Pain As "Severe Impairments."

McHone asserts that the ALJ erred in not listing migraines and hip pain as "severe impairments." [Record No. 11-1, p. 2] An impairment can be considered "not severe" only if it is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, and work experience." *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 89–90 (6th Cir. 1985). An ALJ's failure to consider an impairment "severe" does not constitute reversible error when the ALJ finds that the claimant has other impairments that are severe and continues with the analysis, considering the effects of all of the applicant's conditions. *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). The relevant inquiry is whether all impairments were considered in determining the claimant's RFC. *Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007).

While the ALJ did not believe that McHone's migraines and hip pain were severe impairments, she found several other severe impairments and continued with the analysis. [Tr. 15] The failure of the ALJ to classify some of the claimant's ailments as "severe" is not reversible error. The ALJ explicitly stated that she considered the non-severe impairments in conjunction with the severe impairments when formulating McHone's RFC. [*Id.*] The ALJ concluded that the headaches were non-severe because they do not cause a significant limitation in her ability to perform basic work activities. [*Id.*]

Further, ALJ Kleber discussed McHone's joint pain, leg pain, back pain, fibromyalgia in developing McHone's RFC. [Tr. 18] The ALJ opined during the administrative hearing that McHone's hip pain was not a separate severe impairment from her back pain based on the medical record. [Tr. 730] McHone has not pointed to any evidence indicating that her hip pain causes any functional limitations beyond the one's already accounted for in the RFC. [Record No. 11-1, p. 10-11] The RFC includes limitations that McHone cannot use her right lower extremity for foot controls and she cannot sit or stand for more than 60 minutes at a time. [Tr. 16-17] The ALJ explicitly stated that she considered "all symptoms and to the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence." [Tr. 17] Additionally, McHone was seen by a physician a month after her hearing and was instructed to again take naproxen because "her pain was well controlled on this regime." [Tr. 2,267]

In short, McHone has not shown any functional limitations caused by the migraines and the hip pain that were not accounted for in the RFC.

**B. The ALJ Properly Weighed the Medical Evidence of Record And The Testimony Presented During the Administrative Hearing.**

McHone asserts that the ALJ failed to explain the weight given to any medical opinion contained within the record.  [Record No. 11-1, p. 8]  She asserts that the ALJ erred in not stating what weight she gave to the state agency physicians' opinions, not addressing Dr. Fishkoff's opinion, and not adopting a treating doctor's restriction that McHone should not lift more than 10 pounds after back surgery.  [Record No. 11-1, p. 6-7]

First, the ALJ gave limited weight to the opinion of Dr. Jennifer Fishkoff because she believed the opinion was largely unsupported by the record of evidence.  [Tr. 16]  ALJs are not required to defer to such opinions and must only provide a meaningful explanation regarding the weight given to particular medical source opinions. 20 C.F.R. § 404.1527(f)(2)(ii); see *Ott v. Comm'r of Soc. Sec.*, No. 1:08-cv-399, 2009 WL 3199064, at *7 (S.D. Ohio Sept. 29. 2009).  Such opinions can be given weight only insofar as they are supported by the record.  SSR 96-6, 1996 WL 374180, at *2.  ALJ Kleber noted that the diagnosis made by Dr. Fishkoff was based on self-reports, there were no records to review, and was made without an understanding of minimal treatment.  [*Id.*]  The ALJ explicitly referenced and gave reasons for discounting the opinion of Dr. Fishkoff.

Second, while the ALJ did not assign specific weight to the opinions of the state agency non-examining physicians, she did explicitly state that she considered them in making her determination. [Tr. 16, 19]  An ALJ is required to consider all evidence of record when making a disability determination.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723 (6th Cir. 2014).  But "an ALJ can consider all the evidence without directly addressing in [her] written decision every piece of evidence submitted by a party."  *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 507 (6th Cir. 2006) (citing *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)).  There is no reason to doubt that the ALJ considered all of the evidence

in the record, regardless of whether she specifically discussed every portion of the state agency consultants' opinions and assigned them explicit weight. The state agency consultants' opinions are consistent with the decision of the ALJ and the documentary record. Both the ALJ and the state agency consultants concluded that McHone could perform "light work" and assigned similar limitations for McHone's RFC. [Tr. 19-20, 808]

Third, the ALJ did not err by not explaining why she did not adopt a post-operative limitation in developing McHone's RFC restrictions. At a preoperative visit, McHone's doctor told her that she could not lift more than 10 pounds for 3 months following back surgery. [Tr. 2,106] Further, McHone's surgeon told her after surgery that she was restricted from lifting more than 10 pounds for only 6 weeks. [Tr. 2,096] The Claimant fails to note that the limitation was only meant for a short durational period immediately following surgery in June 2016. The limitation was not a lifelong limitation that the ALJ needed to consider when developing McHone's RFC.

C. **The ALJ's Decision That McHone Was Not Disabled Is Supported By Substantial Evidence.**[1]

If supported by substantial evidence, the Commissioner's decision must be affirmed, even if the reviewing court would decide the case differently, *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994), and even if the claimant's position is also supported by substantial evidence. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *see*

---

[1] McHone raised other issues in her motion but failed to flesh out any argument. This opinion only addresses the issues developed in the Claimant's argument section. [Record No. 11-1, p. 6-12] "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997).

*also Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). The decision in this case is supported by the documentary record, the findings of the state agency consultants, and the testimony of the vocational expert.

## V. CONCLUSION

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.      Defendant Nancy A. Berryhill, Acting Commissioner of Social Security's motion for summary judgment [Record No. 13] is **GRANTED.**

2.      Plaintiff Debra R. McHone's motion for summary judgment [Record No. 11] is **DENIED.**

3.      The Commissioner's decision denying benefits will be **AFFIRMED** by a separate judgment entered this date.

Dated:  September 11, 2018.

Signed By: 

*Danny C. Reeves*

United States District Judge